WILLIAM C. TRAPHAGEN, Respondent, *v.* JOHN BURT et al., Appellants.

Plaintiff and defendant entered into a verbal agreement to purchase and improve real estate on joint account, sharing equally the profits and losses. Under this arrangement two farms were purchased, which were conveyed to the parties jointly. A third farm was contracted for by their agent in his own name, but defendant, without the knowledge or consent of plaintiff, procured an assignment of the contract and a conveyance of the farm to himself. The parties made permanent improvements from time to time at their joint expense upon, and purchased cattle and other property for, all and each of the farms. All three were treated alike, and plaintiff, with the knowledge of defendant, directed about work and improvements upon the last one purchased and made payments therefor, he and defendant visiting it together, talking in reference to disposing of the personal property thereon and of an interest therein, without any intimation on the part of defendant that plaintiff was not a joint owner with him. Plaintiff advanced money from time to time on account of all the purchases without distinction. In an action to compel defendant to convey an undivided interest in said farm to plaintiff, *held*, that the agreement was not within the statute of frauds, but was valid as forming a partnership for the purchase of lands; that the farm in question was included in the agreement, and the defendant, having taken title in fraud of plaintiff's right, a resulting trust arose in favor of the latter; that it was not necessary for plaintiff to resort to an action to dissolve the partnership and for an accounting, but that plaintiff was entitled to the relief sought. After discovery by plaintiff of the fact that the farm was conveyed to defendant, the parties entered into an agreement that plaintiff should convey to defendant his interest in one of the other farms, and in the personal property thereon, defendant agreeing, among other things, to convey to plaintiff an undivided one-half interest in the farm in question. The agreement was fully executed save in respect to such conveyance, which defendant refused to execute. *Held*, that aside from the question of the copartnership, plaintiff was entitled to and could enforce a specific performance in this particular.
*Levy* v. *Brush* (45 N. Y., 589) distinguished.

(Argued June 16, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Samuel Hand* for the appellant. The parol agreement under which plaintiff claimed to have a trust declared in the land of defendants, was void under the statute of frauds. (2 R. S., 134, §§ 6, 8; *Levy* v. *Brush*, 45 N. Y., 589, 596; *Smith* v. *Burnham*, 3 Sumn., 435; Story's Eq. Jur., §§ 760–762, 763; *Cagger* v. *Lansing*, 43 N. Y., 550; *Baldwin* v. *Palmer*, 10 id., 232; *Carr* v. *Carr*, 52 id., 260; *Chester* v. *Deckerson*, 54 id., 8; *Freeman* v. *Freeman*, 43 id., 34; *Lobdell* v. *Lobdell*, 36 id., 347; *Haight* v. *Child*, 34 Barb., 186; *Crosby* v. *McDaul*, 3 Ves., 147.)

*Charles Matthews* for the respondent. The farm in question was partnership property, and a resulting trust could be established by parol in plaintiff's favor. (*Chester* v. *Dickinson*, 54 N. Y., 1; *Buchan* v. *Sumner*, 2 Barb. Ch., 165, 197, 207; *Buckley* v. *Buckley*, 11 Barb., 44; *Delmonico* v. *Gillaume*, 2 Sandf. Ch., 336; *Hoxie* v. *Carr*, 1 Sumn., 173; *Boyers* v. *Elliott*, 7 Humph., 204; *Boyd* v. *McClear*, 1 J. Ch., 582; *Botsford* v. *Barr*, 2 id., 405; 2 Story's Eq. Jur., 617; Perry on Trusts, §§ 132–134, 137; *Swinburne* v. *Swinburne*, 28 N. Y., 568; *Foote* v. *Bryant*, 47 id., 544.)

Miller, J. This action was brought to establish the right of the plaintiff to an undivided equal interest in a farm of land called the Storms farm, the title to which was in the name of the defendant John Burt. The right of the plaintiff to maintain the action rests upon the ground that the farm in question was purchased by the defendant under an oral agreement between him and the plaintiff to engage in the business of buying and selling farms, and it is claimed that in violation of this contract, the title was taken by the defendant. It appears that two other farms were purchased under the agree-

ment in question, as well as some personal property, the title acquired in the name of the plaintiff and defendant, and the business conducted and the real estate and personal property held as co-partnership property. As to the farm in question, the judge found, with sufficient evidence to support such finding, that the defendant, without the consent or knowledge of the plaintiff, procured a deed of conveyance of the farm to be executed to himself, and has since held legal title to the same under said deed. It was also found by the judge, upon the trial, that from time to time after said farms were purchased and conveyed, the plaintiff and the defendant, at their joint expense, made permanent improvements on each of said three farms, including the farm in controversey, and expended a considerable sum of money in so doing; and also purchased, on joint account, cattle, and other personal property, and put same on said farms under the agreement which had previously been made. That the plaintiff was ignorant of the fact that the title was in the defendant for some time, and he and the defendant talked about and treated the farm as their joint property, the plaintiff, with the knowledge of the defendant, personally giving directions about work and improvements thereon, and making payments therefor.

Whatever criticism may be made as to the evidence, and the weight to be given to the same, as an original question, it cannot be denied that there was considerable evidence to support the findings last referred to. If the testimony produced by the plaintiff is to be believed, the declarations, acts and conduct of the parties were of a character which warranted the conclusion that the plaintiff and defendant both considered the farm as joint property. There was proof showing that they visited the farm together; gave directions about repairs thereon; talked about the disposition of personal property upon it; and the defendant spoke of the farm frequently as a purchase made by himself and the plaintiff. There was also proof that when another party desired to become interested in the farm, and the subject was discussed, the defendant did not give the slightest intimation that the plaintiff was not a joint

owner, but assumed that he was such.   Although the improve-
ments claimed to have been made upon this farm were not
very extensive, and of themselves perhaps not sufficient to
establish a right in the defendant to his share of the real
estate, yet in connection with other testimony they tended
to establish that the defendant and plaintiff both understood
that the property was held by them jointly, and was embraced
within the terms of the copartnership agreement.

In support of the fact that the farm was the joint property
of the parties, it is also found upon sufficient evidence that in
the spring of 1871, after the plaintiff had discovered that the
title of the Storms farm was in the defendant, he proposed to
the defendant that if he, the defendant, would make the
plaintiff's interest in one of the farms owned in common
under the copartnership contract, and the farm in question
clear, and would protect the plaintiff against certain trust-
moneys which the defendant had used in making such
purchases and other liabilities on their joint account, and exe-
cute a mortgage to the plaintiff for $5,000 on the Goble farm,
so called, which was owned by the plaintiff and defendant,
that the plaintiff would deed said Goble farm to the defend-
ant, and transfer to him his interest in certain personal
property.   This proposition was accepted, the deed delivered
and property transferred, and mortgage executed, but the
defendant refused to release to the plaintiff an undivided
interest in the Storms farm.   No such arrangement could
ever have been made if the plaintiff had no interest in the Storms
farm under the copartnership contract; and the conclusion is
irresistible, from the facts presented, that this farm actually
belonged to the plaintiff and the defendant, as joint owners
under the parol agreement for a copartnership, which was
executed, unless there is some inflexible rule of law which stands
in the way of enforcing such an agreement.   It is established,
by abundant authority in this State, that a partnership may
exist in reference to the purchase, sale and ownership of lands,
and that it may be created by a parol agreement.   (*Chester* v.
*Dickerson*, 54 N.Y., 1.)   In reference to the farms which were

conveyed to the plaintiff and the defendant, jointly, there can be no doubt that there was a legal, valid and subsisting partnership which bound the parties, and which the law recognizes. As to the Storms farm, it was as the findings establish, considered, used and treated in the same manner as the other two farms. The moneys advanced by the plaintiff were paid on account of the three farms together, without separating them or applying any payment upon any particular one. The negotiations which led to the conveyance by the plaintiff of his interest in the Goble farm embraced the partnership, real estate and the three farms, which were regarded as belonging to the parties. In fact, the contract was carried into effect, accepted and acquiesced in as an executed agreement, as an entirety, and as embracing all the real estate and personal property which the parties owned in common, and which had been purchased for their joint benefit. Possession being thus had, and improvements made and moneys advanced for the common benefit and for all the property, and the interest of the plaintiff in this farm especially, settled for and adjusted by the conveyance to the defendant of the Goble farm, it is difficult to see why the rule of law applicable to an executed agreement does not apply. Concede that neither one of the facts, stated, alone and of itself, establishes a valid contract, yet all, taken in connection with the circumstances, may be considered as making out a valid and binding executed contract.

But there is another element which is to be taken into consideration : Under the agreement between the plaintiff and defendant, the contract for the purchase of land was to be made with an agent, and then transferred by him to the parties; and, in violation of this arrangement, the contract for the Storms farm was assigned to the defendant, and a deed taken in his name, of which the plaintiff was for a long time ignorant. This, in law, under the facts proved, was a fraud upon the plaintiff. Being such, under the circumstances presented by the evidence, the deed cannot be regarded as conclusive, and the claim of the appellant's counsel that the agreement

being by parol for the purchase of lands for the joint benefit of the parties, was within the statute of frauds, cannot be maintained. We are referred, by the learned counsel for the appellant, to the case of *Levy* v. *Bush* (45 N. Y., 589) as an authority for the doctrine that such an agreement is void under the statute. (2 R. S., 134, §§ 6, 8.) In the case cited there was a verbal agreement entered into between the plaintiff and defendant; by which the latter agreed to bid off in his own name and enter into a contract for the purchase of land, and pay from his own funds the necessary amount for the joint benefit of both, half of which was to be reimbursed and a deed taken in the name of both. It was held that the defendant having bid off the land in his name and taken a contract thereof, and refused to convey one-half to the plaintiff, no action would lie to compel the execution of the agreement. In the case cited the plaintiff had done no act of performance, advanced no money, nor parted with any thing under the contract, nor had the land been accepted, possessed and treated as joint property, nor improvements made upon the same accordingly, and the contract regarded as carried into effect. In the particulars stated there is a broad distinction between the two cases, and the case cited is not, therefore, in point. Where a party has partly performed, or parted with valuable property upon the faith of the contract, equity will not allow another party to retain property obtained upon the faith of a verbal contract to consummate a fraud by retaining the property and refusing to perform the contract. The case at bar is brought within this equitable rule which is also distinctly upheld in the case cited, and none of the cases hold that where the circumstances proven mark and characterize the transaction, that the injured party has no remedy.

It must be assumed, from the findings, that the Storms farm was purchased on joint account of the plaintiff and defendant; considered as a portion of their real estate; moneys advanced by the plaintiff on account of the same and other property, and finally, in consideration of, and as a payment for the plaintiff's interest, a conveyance executed to the

Statement of case.

defendant, of his interest in another farm. The plaintiff thus actually paid and settled for his share of the farm and was entitled to an undivided half thereof as a resulting trust. (*Boyd* v. *McClean*, 1 J. Ch., 582; *Botsford* v. *Bann*, 2 id., 405.)

There is no force in the objection urged that the action should have been for a dissolution of the firm and an accounting, and it was properly brought to compel a conveyance of the undivided interest of the Storms farm to the plaintiff. There was no error in allowing the plaintiff to amend the complaint after the decision, nor such change thereby in the cause of action as impaired or affected the defendant's rights. At most, the order granted was merely conforming the pleadings to the facts proved, which was clearly within the discretionary power of the court, and could work no injury. The ruling of the judge upon the question put to the witness, excluded upon the trial, even if erroneous, does not effect the merits to such an extent as to authorize a new trial.

The judgment below was right, and should be affirmed, with costs.

. All concur.

Judgment affirmed.