THERON E. BISSELL, Appellant, v. JAMES K. HARRINGTON AND HARVEY MAPLES, Assignees, etc., of FREDERICK H. BISSELL AND EDWIN A. BISSELL, Respondents, Impleaded with Others.

*Partnership to speculate in real estate — valid though the agreement be only a verbal one.*

The plaintiff entered into a verbal agreement with his co-partners, Frederick H. and Edwin A. Bissell, by which they agreed to purchase a farm for their joint benefit, each to pay one-third of the price, the title to be taken in the name of Frederick H., the farm to be sold in parcels, the money received on the sale to be applied on the purchase-price of the farm, and each to be entitled to one-third of the surplus, if any, or of the land remaining unsold. This agreement was carried into effect, and thereafter another lot was purchased and the title taken

in the name of Frederick H., and a building was put thereon with a portion of the proceeds of the sales. There was no express agreement, either verbal or otherwise, on the part of Frederick H., to convey any part of the farm, or of the lot to his co-partners, or either of them.

Subsequently the partnership between the parties was dissolved, the plaintiff Theron E. Bissell verbally retaining his interest in the real estate. Frederick H. and Edwin A., having made a general assignment, the plaintiff brought this action to compel the assignee to convey to him an equal undivided third part of the land.

*Held,* that the arrangement was in effect a partnership agreement to speculate in real estate.

That as such it was valid, though not reduced to writing.

That plaintiff was entitled to judgment.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

A short time prior to the 6th day of March, 1860, the plaintiff and his co-partners, Frederick H. Bissell and Edwin A. Bissell, entered into a verbal agreement with each other, whereby they agreed together that they would purchase a certain farm of about 190 acres of land, known as the Grover farm, for their joint account and benefit, and as between themselves that each should pay towards such purchase-price, the one-third part of so much thereof as should not be realized by the sales which were then contemplated, of parcels of said farm ; and it was at the same time verbally agreed by them that they should sell the said farm off in parcels, and apply the amount received on such sales to the payment of the purchase-price of said farm, until such purchase-price should all be paid, if enough should be so realized, and if a sufficient amount should not be so realized, then that each of said parties should pay-one-third of such deficiency, and if there should be a surplus so realized, each should have one-third thereof, or if a portion of such land remained unsold after the payment of such purchase-price, each of said parties to have the one-third thereof ; and it was further verbally agreed that the conveyance should be taken in the name of Frederick H. Bissell alone, for the convenience of selling the same. In pursuance of such verbal agreement said Frederick H. Bissell purchased the said farm and sold portions thereof, applying the proceeds upon the purchase-price, the balance of which was paid by each party contributing one-third thereof. One parcel of the farm was sold to one Benjamin Downing, and the consideration or purchase-price thereof

was a building lot, which was conveyed to the said Frederick H. Bissell, and a building was subsequently erected thereon with the partnership funds; after the sale of said parcels of the original farm, and after the building of the said dwelling-house, the plaintiff dissolved his co-partnership with the said Edwin A. and Frederick H. Bissell in the mercantile business, but verbally retaining his interest in the said real estate; subsequently the said Federick H. and Edwin A. Bissell made an assignment of all their real and personal property to the defendants James K. Harrington and Harvey Maples, for the benefit of their creditors, which assignment was duly filed and recorded; in their schedule of assets, under such assignment, the said Frederick H. Bissell and Edwin A. Bissell only inventoried and claimed to own, each an undivided third part of the said real estate. There never was any express agreement, verbal or otherwise, on the part of Federick H. Bissell, to convey any part of said Grover farm or of said house and lot to the plaintiff.

This action was brought to compel the assignee to execute a conveyance of an equal undivided third part of the said real estate to the plaintiff.

*Samuel A. Bowen,* for the appellant.

*Lynes & Van Horn,* for the respondents.

BOCKES, J. :

If this case, on the facts, is brought within the statute of frauds, or of uses and trusts, the conclusion of the learned referee is unquestionably sound. The arrangement between the Bissells for the purchase and disposition of the Grover farm was by parol. There was no writing evidencing the agreement or understanding between them. If, therefore, the case falls within any of the provisions of those statutes, the agreement was inoperative and void, and the plaintiff consequently had no rights to be enforced under it. But did not the arrangement amount to a partnership agreement in regard to the farm and its avails? It was decided in *Chester* v. *Dickerson* (54 N. Y., 1), (1) that a partnership may exist between dealers and speculators in real estate for the pur-

pose of buying and selling lands ; and (2) that it was not necessary to the existence of the partnership that it be evidenced by a written agreement signed by the partners, but that such partnership might be created by a parol. It was urged in the case cited that a parol agreement for such a partnership would be within the statute of fraud, but the Court of Appeals held otherwise. One ground suggested in the latter court, and on which its judgment proceeded, was that the real estate was to be treated and administered as personal property for all the purposes of the partnership ; and another was, that in point of fact, no estate or interest in land was created, granted, assigned or declared by the agreement itself. The question is fully examined by Judge EARL in the case cited, both on principle and authority, and the decision there announced is reiterated in *Traphagen* v. *Burt* (67 N. Y., 30, 33), where it is said that " it is established by abundant authority in this State that a partnership may exist in reference to the purchase, sale and ownership of lands, and that it may be created by a parol agreement." This being so, let us see what the arrangement was between the Bissells, under which the Grover farm was purchased, held, and mostly disposed of. The agreement was this : that they would purchase the farm " for their *joint account and benefit ;* " that each should pay, or be responsible as between themselves for one-third part of the purchase-price ; that the farm should be sold off in parcels (sales of pieces thereof to several parties being then in contemplation) ; that the avails of sales should be applied to the payment of the purchase-price until the purchase-price should be fully paid, if enough should be realized therefrom ; that if there should be a surplus so realized each should have one-third, or if a portion of the farm should remain unsold after the payment of the purchase-price, each should have one-third thereof ; and that for the sake of convenience in giving title to purchasers the conveyance should be taken in the name of Frederick H. Bissell alone. This arrangement was in substance and effect a partnership agreement by parol for " the purchase, sale and ownership of lands " declared in the cases cited not to be within the statute of frauds and binding on the parties, the same in all respects as if it had been in writing and signed by them. The purpose the parties had in view in making the purchase was one

of speculation. The farm was not bought for their personal use and occupation, but for the purpose of cutting it up and making a profit to themselves out of its sale in parcels. They bound themselves to the results of profit and loss in the transaction. We may here adopt the language of Judge EARL in *Chester* v. *Dickerson* (*supra*) with such trifling change as are necessary to give it adaptation to this case: " When the agreement was made no lands were owned by the parties, and neither attempted to convey or assign any to the other. The contract was a valid one, and in pursuance of it they went on and made the purchase, made improvements and also sales. While they were doing this, did they not act as partners and bear a partnership relation ? " The learned judge adds, " the statute is not so broad as to prevent proof by parol of an interest in lands; it is simply aimed at the creation or conveyance of an estate in lands without a writing." It is only necessary to say, in conclusion, on this point, that here was a partnership between the Bissells' for the purchases, sale and ownership of lands, valid and binding upon the parties to it, although the agreement of partnership rested in parol. But it is said that the referee has found that the purchase of the farm was not a partnership transaction, and it is urged that this finding is conclusive of the fact stated, as no case is made setting forth the evidence on which the finding is based. The answer to this suggestion is (1) that the finding is excepted to ; and (2) that the referee has certified the agreement in the record, from which it appears that his conclusion on that point is erroneous, if so construed; the referee, however, probably only intended to find that the purchase was not connected with the partnership transactions of F. H. Bissell & Sons, who were conducting a mercantile partnership under that firm name. The finding given in full is this : That the purchase " was not a partnership transaction, but was a purchase outside of, and not a part of, or connected with the business firm of F. H. Bissell & Sons." What the referee intended here to be understood, doubtless, was to the effect stated in the last paragraph of the finding, and in this view there is nothing to indicate that the finding is erroneous.

There is another view of this case favorable to plaintiff's claim. Here was a contract between the Bissells party performed, indeed

fully performed, in all its essential particulars, save recognizing, by conveyance or otherwise, the plaintiff's rights in the lands in controversy. As was said in *Traphagen* v. *Burt* (above cited), upon facts somewhat similar to those here certified to the court, " it is difficult to see why the rule of law, applicable to an executed agreement, does not apply." We are of the opinion that the plaintiff established, under the facts certified in the record, an equitable right to an undivided third of the forty-five acres, and also a like interest in the Downing premises. He was entitled to the judgment of this court declaring his right and interest therein to that extent. His rights might be made effectual to him by decreeing the execution and delivery of a conveyance of his undivided third, or else by directing a sale by the assignees of Frederick H. Bissell, or by a receiver appointed for that purpose, and a division of the avails of sale, by which the plaintiff would obtain his one-third thereof. These conclusions lead to a reversal of the judgment appealed from.

BOARDMAN, J., concurred.

LEARNED, P. J., dissenting :

The plaintiff, and Frederick H. Bissell and Edwin A. Bissell, then co-partners, entered into a verbal agreement for the purchase of a farm, in the name of Frederick H. Bissell only. The farm was purchased and the title taken in his name by their mutual agreement. Part of the farm was sold, and the avails were applied on the purchase-price. The balance of the purchase-price was paid by these three persons, each paying one-third. Part of the farm was exchanged for a building lot, and the title to the lot was, by verbal agreement, taken in the name of Frederick H. Bissell only. With partnership moneys the parties built a house on this lot. Subsequently the plaintiff dissolved his partnership with the other two partners. He verbally retained his interest in the house and lot, and in the unsold part of the farm. There was never any agreement, verbal or otherwise, on the part of Frederick H. Bissell, to convey to the plaintiff any part of the farm or of the house and lot.

The plaintiff relies very much on two cases. *Chester* v. *Dickerson* (54 N. Y., 1) was a case based on alleged fraud in regard to

the purchasing of land. As the court say, it was "not a contro-
versy about the title to any of the lands taken, or owned, by the
partners, but it simply relates to the conduct of the defendants while
they were acting as partners." The most that can be said is that
the learned commissioner was *inclined to think* that the doctrine, on
which the present plaintiff relies, was founded on the best reason
and the most authority.

*Traphagen* v. *Burt* (67 N. Y., 30) was an action to establish
the right of the plaintiff to an undivided interest in land where
the plaintiff and defendant had jointly purchased, and the defend-
ant, *without knowledge of the plaintiff*, had procured the deed to
be taken to himself. That case is provided for in 1 R. S. (m. p.),
728, §§ 52 and 53. The defendant had committed a fraud.

But in the present case there was no fraud. By the agreement
of the parties, the title was intentionally taken in the name of
Frederick H. Bissell. If, by such an agreement, he could hold
the title, and the others could have estates in *their portions*, then
it would follow that, by a similar agreement, he might hold the
legal title, and others have the *whole* beneficial estate.

*Carr* v. *Carr* (52 N. Y., 251) is but the affirmance of the well-
known doctrine that a deed absolute on its face may be shown, by
parol, to be a mortgage.

The language of the statute is very broad. "No estate, *or
interest* in lands * * * shall hereafter be *created*, granted,
assigned, surrendered or *declared*, unless by act or operation of
law, or by deed," etc. One cannot, then (as these parties
attempted to do), create or declare an *interest* in land by parol.
A declaration of trust must be in writing. (Section 7, amended
by Laws 1860, chap. 322; *Wheeler* v. *Reynolds*, 66 N. Y., 227.)

No question arises here as to the creditors of a partnership, or
as to their right to follow partnership money invested in land.
Nor is there any question as to a settlement of a partnership
business; for the partnership had been dissolved. Nothing
remained but a verbal agreement that the plaintiff should have
one-third undivided interest in land, of which the legal title was
in Frederick H. Bissell.

And the question must be whether the court can enforce, *as a
title to land*, a mere verbal agreement for an undivided third

thereof.    If it can, then it could enforce a verbal agreement for the whole.

· I think the judgement should be affirmed, with costs.

Judgment reversed ; new trial granted ; reference discharged ; costs to abide event.