[No. 465. Decided July 6, 1892.]

ROLLIN A. CASE, *Appellant,* v. FRED SEGER AND EMMA SEGER, *Respondents.*

STATUTE OF FRAUDS—PARTNERSHIP AGREEMENT TO BUY LAND—RESULTING TRUSTS.

A partnership agreement between two that they shall be jointly interested in a speculation for the buying and improving of lands for sale is not within the statute of frauds, and may be proved without being evidenced by writing signed by the party to be charged.

Where one of two partners purchases lands in his own name with the funds of the partnership for partnership purposes there is a resulting trust in favor of the partnership.

*Appeal from Superior Court, Pierce County.*

The facts are sufficiently stated in the opinion.

*Taylor, McKay & Garretson,* for appellant.
*T. W. Bean,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—A careful investigation of the testimony in this case leads us to the conclusion that it was the agreement and intention of the parties at the time of the purchase of the land described in the complaint and answer, including the northeast quarter of the southeast quarter, and southwest quarter of southeast quarter of section five, township eighteen north, range three east of the Willamette meridian, and the southwest quarter of the northeast quarter, west half of the southeast quarter, and the east half of the northwest quarter of section five, township twenty-two north, range four east of the Willamette meridian, that said lands were purchased for the benefit of the partnership, and that it was the understanding that the land was to be sold for the benefit of the partnership, and that the profits were to be equally divided between the partners, notwithstanding the fact that the title to the land was taken in the name of Seger. And, without particularly analyzing the testimony in this opinion, it is sufficient to say that the actions of both the parties, as shown by the testimony, including the books, correspondence and conversations, lead us irresistibly to this conclusion.

This only leaves one legal question to be determined. It is contended by the respondents that an agreement to purchase and sell land, which is not in writing, is in contravention of the provisions of the statute of frauds, and cannot, therefore, be enforced. While the appellant contends that a parol agreement of this kind can be enforced. It cannot be questioned that there is conflict of decision on this point. The leading case relied upon by respondents is *Smith v. Burnham,* 3 Sum. 435, where it was held that a

parol agreement to become partners in the business of purchasing and selling lands and lumber, is a parol contract respecting an interest in lands, and void by the statute of frauds, so that it will not be enforced by a court of equity. This case is elaborately argued, and the authorities bearing on the subject cited and analyzed. The leading case in favor of appellant's contention is *Dale v. Hamilton*, 5 Hare, 369, where the general doctrine is announced that a partnership agreement between A and B that they should be jointly interested in a speculation for the buying and improving land for sale, may be proven without being evidenced by writing signed by, or by the authority of, the party to be charged therewith, is not within the statute of frauds, and such an agreement being proven, A or B may establish his interest in land subject to the partnership without such interest being evidenced by any writing. We think the weight of authority, and especially modern authority, supports *Dale v. Hamilton*, and we are inclined to follow the doctrine there announced. See the authorities cited in that case, and also *Chester v. Dickerson*, 54 N. Y. 1; 13 Am. Rep. 550; *Traphagen v. Burt*, 67 N. Y. 30; *Flower v. Barnekoff*, 20 Or. 132, and cases cited.

But we do not think this case necessarily falls within the decision in *Smith v. Burnham*, for, according to the view we take of the testimony, it is the case of a purchase paid out of the funds of an existing partnership for partnership purposes. It is an executed contract, and even according to *Smith v. Burnham* a resulting trust will arise by operation of law in favor of the party or parties advancing the money.

With this view of the law and the testimony the judgment will be reversed, and the cause remanded to the lower court with instructions to treat the property above

described as partnership property, and to proceed to a determination of the rights of the parties on that basis.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.