## WRIGHT v. SMITH.

(Circuit Court of Appeals, Second Circuit. January 29, 1901.)

### No. 38.

**1. STATUTE OF FRAUDS—CONTRACT RELATING TO LAND.**
    A parol agreement by defendant, after conveyance of land to him by plaintiff without consideration, and without agreement as to the future disposition of the land, to enter into the management of the same, and divide the net avails of receipts from rents or sales, is not a contract for sale or purchase of an interest in land, within the statute of frauds of Massachusetts.

**2. PAROL AGREEMENT—BREACH—REMEDY.**
    The remedy for breach of parol agreement of defendant to divide with plaintiff the net avails of receipts from land conveyed by plaintiff to defendant without consideration, and into the management of which defendant was to enter, is by action at law.

In Error to the Circuit Court of the United States for the Eastern District of New York.

This is a writ of error to review a judgment of the circuit court for the Eastern district of New York upon a verdict in favor of Justus L. Smith, the plaintiff in the circuit court, against Joseph R. Wright, the then defendant, in an action at law upon a parol contract. The complaint alleged that on or

about the spring of 1881, which was in fact on August 4, 1880, the plaintiff conveyed to the defendant certain real estate, known as "Hotel St. Botolph," in the city of Boston, state-of Massachusetts, and that in or about the spring of 1883, which was in fact on August 3, 1882, and November, 1882, the plaintiff conveyed to the defendant other real estate in said city of Boston, known as the "Willard Place"; that "upon or about the time of the last conveyance" the defendant went into the possession and management of both said properties, and, in consideration of said conveyances and giving said possession and control, promised to pay to the plaintiff one-half the net income and one-half of all net moneys realized from said properties. The complaint alleged a sale of each parcel of real estate, the receipt by the defendant of net income and net proceeds other than income, and a breach of the parol agreement.

The principal question in the case was the validity of the alleged parol contract under the statute of frauds of the state of Massachusetts, which was at the time of the conveyances, and still is, as follows: "Section 1. No action shall be brought in any of the following cases, that is to say: * * * Fourth, upon a contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them; or, fifth, upon an agreement that is not to be performed within one year from the making thereof; unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

The record shows that Smith, the plaintiff, resided in Boston from at least 1879 till January, 1883, when he removed to the city of New York, and that Wright, the defendant, continually resided in Boston from 1879 to the time of the trial. They were intimate and were cousins. In August, 1880, Smith conveyed to Wright, without consideration, the St. Botolph Hotel, which property and the Willard place Smith had mortgaged to a savings bank on July 22, 1880, to secure $24,000. Nothing was said at the time of the conveyance about the future possession or management of the property, but Smith remained in possession and control and collected the rents. In August, 1882, the conveyance of the Willard place was made, and also without consideration. Smith borrowed some money from Wright to pay the taxes and interest, and testified that the arrangement made at the time of the conveyance was that if he went away Wright could collect the rents and take care of the property, and that the future net income and avails were to be equally divided. Smith continued to collect the rents until he went away. In answer to the defendant's question: "Tell me what the conversation was that took place between you and the defendant when you made the agreement that you allege in your complaint. What was he to do and what were you to do, and what did he say and what did you say?"—the plaintiff replied: "I said to Mr. Wright that I was going to leave Massachusetts; that he had the title to the property; that, if he sold the property, that it was his. I wanted him to take care of it. collect the rents, pay all the expenses, if there were any that he had to pay, and do it as carefully as he could; and he could have one-half of the result, and the other half give to me. Q. What did he say? A. He thought that was satisfactory, and said he would do it." Wright gave a different version of the reason for the conveyances, and denied the parol agreement, or any agreement of a similar kind; but the jury found in favor of the plaintiff, and by their verdict answered in the negative the question whether the conveyances were in fraud of creditors.

Wm. R. Baird, for plaintiff in error.

Robert J. Mahon, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts as above). From the foregoing statement it appears that the jury found in accordance with the plaintiff's testimony, which was that his equity in the hotel property was conveyed without consideration or parol agreement,

and without change of possession or control; that this state of affairs continued until about January, 1883; that the Willard place was conveyed in the same way in August, 1882, with the exception that Smith said that he contemplated leaving Boston, and, if he went away, Wright was to have charge of the property, and divide the net avails. The actual arrangement was entered into after the conveyance when he determined to leave Massachusetts, and was that Wright was to take the control of both properties, collect the rents, sell and convey either or both, and that the net proceeds should be divided. It is evident that at this time Smith was closely pressed for money, that the properties were heavily incumbered, that he was to leave the state and enter into business elsewhere, and that it required an expenditure of time and skill, and perhaps of money, to obtain a profit from the properties. The jury found a readiness on his part to cast the burden upon his friend, and a willingness on the part of the friend to assume it.

The parol agreement was not a part of the agreement under which either the St. Botolph property or the Willard place was conveyed to the defendant. The title to the two properties had been placed in the name of Wright for the convenience of Smith, to save his tenants from annoyance, and without fraud as against creditors. Subsequently the defendant went into the occupancy and management of the two parcels, with the agreement for a division of the net profits from rents or sales. It was not an agreement for the sale of the lands or of an interest therein to the plaintiff or to any one. The promisor did not undertake to sell at all, but simply to divide the net avails of the receipts from rents or sales, if sales or leases were made. The oral agreement related, not to land, but to the profits arising from the promisor's care and ownership of lands previously conveyed. If any statute of frauds has relation to this oral contract, it is the statute of the state of Massachusetts, and the construction of that statute by the courts of Massachusetts is of controlling importance. Grafton v. Cummings, 99 U. S. 100, 25 L. Ed. 336; Burrell v. Root, 40 N. Y. 496. So far as the decisions of that state throw light upon the subject, the contract is not within the statute. In Trowbridge v. Wetherbee, 93 Mass. 361, the plaintiff had agreed with Robbins and the defendant that they should take a conveyance of a tract of land; that it should be transferred by joint arrangement of the three persons, and when it was sold the proceeds should be equally divided between them. The plaintiff was not to contribute money, but his skill and services. Robbins sold his interest to the defendant, who agreed to become responsible to the plaintiff for his third part of the net proceeds. The land was subsequently sold, and the action was brought for the plaintiff's one-third of the net profits. The court held that a parol promise to pay another a portion of the profits made by the promisor in a purchase and sale of real estate is not within the statute of frauds; that the defendant's promise to sell the land was within the statute, but, having been performed, an action would lie upon the promise which was without the statute if the promises were separate. The conclusion that a separate parol promise to pay a part of the

profits arising from the sale of land is not within the Massachusetts statute of frauds is based upon the principle that a right to share in the profits of a particular adventure does not give the party any interest in the property itself. Smith v. Watson, 2 Barn. & C. 401. The principle has been, in different jurisdictions, applied to parol agreements to share in the profits and losses of a contemplated purchase of real estate, with the same conclusion that such agreements are without the respective statutes of frauds. Dale v. Hamilton, 5 Hare, 369; Bunnell v. Taintor's Adm'r, 4 Conn. 568; Babcock v. Read, 99 N. Y. 609, 1 N. E. 141. It is true that in the opinion of Justice Story, as contained in Smith v. Burnham, 3 Sumn. 435, Fed. Cas. No. 13,019, a parol partnership for the purchase and sale of lands in the state of Maine for the joint account of the partners was a parol contract respecting an interest in lands. He thought that the agreement contemplated that upon every purchase under the contract of partnership the plaintiff was to have an interest in the lands purchased, to the extent of his share in the partnership, and construed the partnership agreement to be the "declaration or creation of a trust or confidence in lands not arising or resulting by implication or operation of law." The statute of frauds of the state of Maine was the same as that of Massachusetts. If the facts had been as claimed in the bill in equity for an accounting, there is no apparent doubt that the learned justice thought that the parol agreement of partnership for the future purchase of lands attaches to the land when it is purchased, and therefore is a contract for an interest in each purchased parcel. It is also apparent that the supreme judicial court of Massachusetts was not, in an action at law for an account of the profits of the land sold by the defendant upon a parol agreement for the division of contemplated profits, controlled by the views of Judge Story. Trowbridge v. Wetherbee, supra. In this case the parol contract was made after the deed to the defendant, and the consideration for it was the agreement of Wright to enter upon the management of the properties, and use his time and skill in their profitable development. If a distinction of importance exists between an agreement in view of a contemplated purchase, and an agreement subsequent to and not a part of the agreement of purchase, the difference is favorable to the conclusion that the agreement in this case was not a contract for the sale or purchase of an interest in lands. The cases heretofore cited from Connecticut, Massachusetts, and New York are to the effect that an action at law is the proper remedy for the breach of the parol agreement. The judgment is affirmed, with costs.