[No. 12765.　Department One.　January 28, 1916.]

## C. M. Smith et al., Respondents, v. Charles Imhoff, Appellant.[1]

Frauds, Statute of — Agreement as to Real Estate — Special Partnership—Trusts. A special partnership in real property, which need not be in writing, is created, where it was orally agreed that the defendant should purchase certain property and put up the cost of platting it, and that the plaintiffs should forego their commissions, have the same surveyed and sell it, the profits to be equally divided; hence the same is not within the statute of frauds, and the principle of trust, express or resulting, is not applicable.

Partnership—In Real Estate—Profits—Instructions. In such a case, it is proper to instruct that, if such an agreement was entered into and the defendant paid the purchase price and expenses and agreed that the profits should be equally divided, the plaintiffs were entitled to one-half the profits, and it was not necessary to instruct as to the existence of the partnership, that being a question for the court upon the admitted facts.

Appeal from a judgment of the superior court for Whatcom county, Pemberton, J., entered November 16, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*William J. Biggar* and *Thomas R. Waters*, for appellant.

*George Livesey*, for respondents.

Mount, J.—This action was brought to recover a balance of $404.12, alleged to be due upon an oral agreement made by the defendant with the plaintiffs, whereby the defendant agreed to purchase certain real estate, and all the parties agreed to sell the same and to divide the profits equally between the plaintiffs and the defendant. Upon issues joined, the case was tried to the court and a jury. At the conclusion of the plaintiff's evidence, and again at the conclusion of all the evidence, the defendant moved for a directed verdict. These motions were denied. The case was submitted to

[1]Reported in 154 Pac. 793.

the jury, and a verdict was returned in favor of the plain-
tiffs for the sum of $265.15. After a motion for a new trial
was denied, a judgment was entered in favor of the plaintiffs.
The defendant has appealed from that judgment.

The facts are as follows: In January, 1909, the plaintiffs,
who were engaged in the real estate business, had listed with
them for sale the real estate in question for the sum of $1,800.
Their commission for the sale of the property was to be five
per cent, or $90. They advised the appellant that if he
would purchase this property they would deduct their com-
mission so that the purchase price would be $1,710 net to
him; that if he would purchase it and survey it into twenty-
acre tracts, the plaintiffs, together with the defendant, would
find a purchaser, repay to the defendant the money he had
paid as the purchase price, for surveying, and the expenses
of keeping the property, and that then the plaintiffs and the
defendant would divide the profits.

The appellant thereupon purchased the property for $1,-
710, and took a deed in his own name. Thereafter the plain-
tiffs sold the timber upon the land separately, and after-
wards the land itself was sold. The total amount received
for the land and the timber was $4,684.96.

The defendant, prior to the sale, had paid out for sur-
veying, taxes, and other expenses, something over $300, so
that the total amount paid by him upon the land was $2,-
176.21. There is some dispute in the evidence as to the
amount that was paid out by the defendant.

The complaint, after alleging the copartnership of the
plaintiffs, and that they had the real estate listed for sale
upon commission, alleged as follows:

"That at said time plaintiffs and said W. I. Brisbin agreed
orally with defendant that the above described property
should be purchased by all of said parties and the title there-
to was to be taken in the name of defendant. That at the
time of said purchase, it was understood and agreed by all
of said parties that defendant was to advance the price to

be paid for said property, to-wit, $1,710, and it was further understood and agreed that all of said parties should use their best efforts to make an advantageous sale of said property, and that when a sale was made, the first moneys derived out of said property should be used by said parties to repay to defendant such moneys as he might have paid on said property, and that any surplus over and above the amount of money paid by defendant on said property should be divided equally between plaintiffs and said W. I. Brisbin on the one side and defendant on the other."

The principal point presented upon this appeal by the appellant is to the effect that this alleged contract, being an oral agreement for an interest in real estate, cannot be proved by parol; that it was the duty of the trial court, for that reason, to direct a verdict for the defendant at the close of the plaintiffs' case, and also at the close of all the evidence in the case.

A large number of authorities are cited in the appellant's brief to the effect that an express trust in real estate cannot be proven by parol. It is argued that, if this contract is anything, it is an express trust. There can be no doubt that an express trust in real estate cannot be proven by parol. This court has many times so held. *Malmo v. Washington Rendering & Fertilizing Co.*, 79 Wash. 534, 140 Pac. 569. But we think the question of a trust, either express or *ex maleficio*, is not in this case. The evidence for both the plaintiffs and the defendant upon the trial shows conclusively that the agreement between the parties was to the effect alleged in the complaint. It was an oral agreement that if the defendant would purchase the property at the price of $1,710, the plaintiffs would forego their commission of $90, to which they would be entitled if the property were sold to other parties at the list price; and upon a resale of the property, after paying the defendant the money which he had invested therein, that the profits should be divided equally between them. There is apparently no dispute upon this question. The evidence is clear and conclusive to that effect. In other words,

we think it is clear from these facts that these parties entered into a special partnership for the purchase and sale of the real estate; the defendant advanced $1,710; the plaintiffs reduced their commission by $90, so that the plaintiffs had an investment of $90, while the defendant had an investment of $1,710 in the purchase price. It was clearly, we think, a special partnership purchase of this particular piece of property. It was not necessary that the partnership agreement should be in writing.

"It is generally held that agreements to share profits and losses arising from the purchase and sale of real estate are not contracts for the sale or transfer of interests in land and need not be in writing." 20 Cyc. 237.

This court in *Case v. Seger*, 4 Wash. 492, 30 Pac. 646, a case similar to this, said:

"It is contended by the respondents that an agreement to purchase and sell land, which is not in writing, is in contravention of the provisions of the statute of frauds, and cannot, therefore, be enforced. While the appellant contends that a parol agreement of this kind can be enforced. It cannot be questioned that there is a conflict of decision on this point."

Then the court referred to the case of *Smith v. Burnham*, 3 Sum. 435, and *Dale v. Hamilton*, 5 Hare 369. In the latter case, it was held that a partnership agreement, where the parties were interested in a speculation for buying and improving land for sale, may be proven without being evidenced by a writing signed by the parties to be charged. This court then said:

"We think the weight of authority, and especially modern authority, supports *Dale v. Hamilton*, and we are inclined to follow the doctrine there announced."

And in *Flower v. Barnekoff*, 20 Ore. 132, 25 Pac. 370, 11 L. R. A. 149, the supreme court of Oregon discusses at length the authorities upon this question, and concludes:

"From a careful examination of the authorities, we are of the opinion that a valid contract of partnership for the purpose of speculating in real estate may be made by parol."

We are satisfied from the reasoning in these cases that the agreement made here was a valid agreement which could be proved by parol, and did not come within the statute of frauds, and does not involve the question of a trust, either express or resulting. We are of the opinion, therefore, that the trial court properly submitted the case to the jury.

Several assignments of error in the appellant's brief are based upon instructions which were given by the court, or requested by the defendant and refused to be given by the court. The trial court instructed the jury, in substance, that if they found from the evidence that the agreement alleged in the complaint was entered into between the plaintiffs and the defendant at the time of the purchase of the property, and that the defendant paid the purchase price thereof, less the usual commission, and agreed that the property should be held and sold at such profit as could be obtained therefor, and that the profits should be divided equally between the plaintiffs and the defendant, that then they should find for the plaintiff. We are satisfied that this was a correct instruction upon the question; and if the jury found from the evidence as the court instructed them, then it was their duty to return a verdict in favor of the plaintiffs for one-half the profits.

The court also instructed the jury with reference to the expenses which the defendant had incurred upon the property, and that if they found the agreement had been complied with, that then they should return a verdict in favor of the plaintiffs for the balance of one-half the profits. It seems plain that these instructions fully covered the case, and it was not necessary to instruct the jury with reference to what constituted a partnership, as was requested by the defendant. Under the admitted facts, it was for the court to say whether a partnership existed or not with reference to this

particular land. We are satisfied that if the court was required to instruct at all upon this question, it was to tell the jury that there was a partnership. It is needless, therefore, to review the requested instructions upon these points.

The main point in the case is whether or not the agreement could be proven by parol. From our conclusion above upon that question, it follows that the judgment must be affirmed, and it is so ordered.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.