## LEAVITT v. OVERHOLSER.

No. 20666. Opinion Filed April 12, 1932.

Rehearing Denied Nov. 1, 1932.

Everest, McKenzie, Halley & Gibbens, for plaintiff in error.

Warren G. Snyder, for defendant in error.

ANDREWS. J. This is an appeal from a judgment of the district court of Oklahoma county, wherein the defendant in error was the plaintiff and the plaintiff in error was the defendant. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiff was the owner of an option on certain real estate given by V. Peterson and Mina Peterson and taken in the name of F. M. Ephland, by the terms of which the purchase price of the land was fixed at $17,000, for which amount the plaintiff, through Ephland, was to have the option of purchasing the real estate. Shortly before that option expired, the plaintiff and the defendant discussed the same and agreed that they would take another option on the property from the Petersons in the name of the defendant for the joint advantage of the plaintiff and the defendant, the defendant to hold the same in trust for their mutual benefit. That option was obtained. By the terms thereof the defendant was given 30 days to purchase the property from the Petersons for the sum of $17,000, and the Petersons agreed to place deeds to the property in the American National Bank of Oklahoma City The property consisted of town lots in an addition to Oklahoma City. There was a provision in the option contract that the defendant would pay the Petersons $200 cash for each and every deed released and delivered.

The plaintiff instituted an action against the defendant to recover from the defendant a money judgment on the theory that there was a partnership existing between the plaintiff and the defendant and a profit made by the partnership which was held by the defendant. After a verdict of the jury, the court rendered judgment in favor of the plaintiff and against the defendant for the sum of $612.50. The principal contention made on this appeal is that there is no evidence to sustain that verdict.

There is nothing in this record to show that either the plaintiff or the defendant ever exercised the option granted by the Petersons, and the record shows that that 30-day option expired by its terms without any profit either to the plaintiff, to the defendant, or to them jointly. For that reason it is not necessary for us to determine whether or not the plaintiff and the defendant were partners. If they were partners, they were partners only in the one venture, that is, dealing with the 30-day option on the real estate.

The plaintiff contends that the agreement by which the defendant sold the land for the Petersons "was, in effect, an extension of the option for a period of 30 days." We quote from the brief of the plaintiff a part of the testimony of the defendant and the comment of the plaintiff thereon, as follows:

"A. Later along in October of the same year, the Petersons made a contract with the American First Trust Company and I wasn't named in that contract. I was sales agent under that contract for the American Trust Company, but I had no dealings with the Petersons.

"It is our contention that this was a continuation of the transaction; that the Petersons made this contract, as shown by Peterson's evidence, to sell this land and put the deeds in escrow in the bank, and under the last so-called contract with the trust company, the land was sold."

That contention is not supported by the record. There is nothing in this record to show that there was any continuation of the 30-day option, and the record shows that that option expired by its terms. The later transactions between the defendant, the trust company, and the Petersons were not continuations of any transaction in which the plaintiff and the defendant were jointly interested.

The distinction between an option on real estate and ownership of real estate is material. The parties to this action purchased an option. That option was not exercised and it ceased to be of any value at the expiration thereof. There is nothing in this record to show that any profit was derived from the ownership of that option. The profit derived by the defendant from the selling of the real estate for the Petersons was not by reason of the option in question, but was by reason of a subsequent contract between the defendant, the Petersons, and a trust company.

While an oral agreement to establish a partnership is valid (Thompson v. McKee, 43 Okla. 243, 142 P. 755), the partnership, if any, is limited in effect by the terms of the contract establishing the same. If the defendant was trustee for himself and the plaintiff under the facts shown by the record in this case, he was trustee of only a 30-day option on this real estate, which option was never exercised and from which option no profits were derived. At the termination of that option, the Petersons were under no obligation either to the plaintiff or the defendant. They were the owners of their real estate, and they were authorized to enter into a contract with the American National Bank to act as trustee for them and with the defendant to sell the real estate for them. The profits, if any, made by the defendant from the sale of that real estate long after the expiration of the 30-day option did not inure to the joint benefit of the plaintiff and the defendant, and the plaintiff had no interest therein.

There was no competent evidence reason-ably tending to support the verdict of the jury in this case. For that reason the judgment of the trial court is erroneous and it must be and is reversed. In view of the fact that the defendant demurred to the evidence of the plaintiff and moved for a directed verdict at the completion of the trial, the cause is remanded to the district court of Oklahoma county, with directions to vacate the judgment rendered and to render a judgment in favor of the defendant.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J,, and RILEY and HEFNER, JJ., absent.