## FLORENCE, Adm'r, v. THOMPSON.

No. 14254—Opinion Filed Sept 18, 1923.

**1. Appeal and Error—Trial—General Finding—Effect.**

When a case is tried by the court without a jury and a general finding is made upon the oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding and is conclusive upon the Supreme Court on appeal as to all doubtful and disputed questions of fact.

**2. Joint Adventures—Fiduciary Relation—Consideration.**

The relation between parties to a joint adventure is fiduciary in its character, and requires the utmost good faith in all the dealings of the parties with each other. A contract of joint adventure is sufficiently supported by a consideration growing out of the mutual promises of the parties.

**3. Frauds, Statute Of—Real Estate, Partnership—Evidence of Interest.**

An oral partnership agreement to share in the profits and losses arising from the purchase and sale of real estate is not within the statute of frauds: and the existence of such partnership and the interest of the members of the firm therein may be established by parol evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by D. Lee Thompson against Jack Florence, Administrator of the estate of A. S. Kelly, deceased, et al., to establish an interest in a certain oil and gas lease alleged to have been owned jointly by the plaintiff, D. Lee Thompson, and the deceased, A. S. Kelly. Judgment rendered in favor of the plaintiff D. Lee Thompson, and defendants appeal. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by PINKHAM, C. This action was commenced in the district court of Garvin county, Okla., by the defendant in error, D. Lee Thompson, as plaintiff, against plaintiffs in error, Jack Florence, as administrator of the estate of A. S. Kelly, deceased, Mayne Florence, Ida C. Fitzgerald, Susie Joe Thompson, Arthur F. Kelly, Luther Kelly, et al., defendants in the court below.

The parties will be referred to as they appeared in the court below.

The petition alleges, among other things, that on the 10th day of July, 1920, H. Harrison Fitzgerald, being the owner of certain described lands, joined by his wife, Ida C. Fitzgerald, defendant herein, made, executed, and delivered to A. S. Kelly a certain oil and gas lease, conveying unto the said A. S. Kelly certain rights in and to said lands for the purpose of prospecting the same for oil and gas mining purposes; that on the 10th day of July, 1920, the said A. S. Kelly made and executed and delivered to one E. L. McCrummen, his certain assignment of an undivided one-half of all the rights and interests arising under and by virtue of the terms of said lease; that the said A. S. Kelly is a brother-in-law of plaintiff, and that in the making and negotiating of said transaction the said A. S. Kelly was acting for the benefit of himself and this plaintiff; that the said plaintiff and the said A. S. Kelly were engaged in buying, selling, and holding certain oil and gas leases as partners, and that plaintiff was present and assisted in negotiating said transaction between the said A. S. Kelly and the said H. Harrison Fitzgerald; that the said A. S. Kelly at said time was indebted to this plaintiff, and that it was understood and agreed between the said Kelly and this plaintiff that any and all funds advanced by the said A. S. Kelly to the said H. Harrison

Fitzgerald should be the joint funds of plaintiff and the said A. S. Kelly, or should be paid by the said A. S. Kelly and account rendered between the said Kelly and this plaintiff; that pursuant to said understanding and agreement the said A. S. Kelly advanced to the said H. Harrison Fitzgerald the sum of $1,000, and that it was understood and agreed between himself and the said A. S. Kelly that for the convenience in handling said transaction, the rights conveyed in said oil and gas lease instrument should be conveyed to the said A. S. Kelly, of record, and that the said A. S. Kelly would hold said rights so conveyed for the use and benefit of himself and of this plaintiff, and that each would be equally interested therein; that said rights were so conveyed to the said Kelly and were taken and held by the said Kelly beneficially and in trust for the use and benefit of himself and of this plaintiff in equal shares and that the said A. S. Kelly recognized at said time and subsequently the rights of this plaintiff to the extent of an undivided one-half interest in and to said lease; that on said 10th day of July, 1920, the said A. S. Kelly by agreement with the plaintiff assigned to the defendant E. L. McCrummen, an undivided one-half interest in and to all the rights conveyed under said oil and gas lease; that thereafter the said Kelly beneficially and in trust held the title to the remaining undivided one-half interest in all the rights so conveyed by the said H. Harrison Fitzgerald, to the said A. S. Kelly, for the use and benefit of himself and this plaintiff in equal shares, and that plaintiff thereby became seized of an equitable title to the undivided one-fourth interest in and to all of the rights conveyed under and by virtue of the terms and conditions of said oil and gas lease. That the said A. S. Kelly died intestate on January 19, 1921, and that he left surviving him as his sole and only heirs the following persons, defendants herein; Ida C. Fitzgerald, Mayne Florence, Susie Joe Thompson, A. F. Kelly, and Luther Kelly, each of whom succeeded to an undivided one-fifth interest in and to all the rights of which the said A. S. Kelly died seized in and to said lands. That the said last named defendants, and the defendant Jack Florence, as administrator of the estate of the said A. S. Kelly, deceased, refused to recognize the rights of this plaintiff in and to said undivided one-fourth interest in all the rights so conveyed in said oil and gas lease, and are asserting right, title, and interest, adverse to the right, title, claim, and interest of this plaintiff in and to the same; and that the plaintiff and said named defendants, heirs aforesaid, on the 7th day of Jan-

uary, 1922, made, executed, conveyed, and assigned to J. A. Harris, W. H. Harris, J. W. Cody, John M. Claypool, and C. T. Rice, certain interests in and to the rights so conveyed by the said Fitzgerald under and by virtue of said oil and gas lease, and that thereafter the said Cody, Claypool, and Rice made, executed, and delivered an assignment to the defendants J. A. Harris and J. W. Harris of all of their right, title, and interest and estate arising under and by virtue of the contract and assignment hereinabove mentioned; but that the said plaintiff and said heirs of the said A. S. Kelly, deceased, retained, undetermined and undivided, certain interests in and to said lands, and that all the interest so retained, standing in the name of A. S. Kelly, deceased, is held by the said heirs above mentioned, as trustees for the use and benefit of themselves and of this plaintiff in equal shares, and that one-half of all rights, title, and interest is held by the said heirs in trust for the use and benefit of themselves and of this plaintiff, and that plaintiff is entitled to a conveyance thereto from said heirs and to a decree of the court determining said trust.

In their answer defendants denied each and every allegation contained in the petition, except that it is admitted that the defendant Jack Florence is the administrator of the estate of A. S. Kelly, deceased; and that on the 10th day of July, 1920, H. Harrison Fitzgerald and his wife, Ida C. Fitzgerald, executed and delivered a certain oil and gas lease to the said A. S. Kelly; that the said Kelly executed and delivered to E. L. McCrummen an assignment of an undivided one-half interest in said oil and gas lease; that the said A. S. Kelly died intestate on or about the 19th day of January, 1921, and left surviving him as his sole and only heirs, Ida C. Fitzgerald, Mayne Florence, Susie Joe Thompson, Arthur F. Kelly and Luther Kelly.

Upon a trial to the court the issues were found in favor of the plaintiff, and judgment was duly entered substantially as prayed for, to reverse which this preceeding in error was commenced.

Counsel for plaintiff in error in their brief, state their grounds for reversal under two propositions: First, that the evidence was insufficient to sustain the plaintiff's theory of "a joint adventure;" and, second, that the case comes clearly within the statute of frauds, and the court erred in admitting the evidence.

The record discloses that the deceased and the plaintiff, who were brothers-in-law, were partners or joint adventurers in buying and

selling oil and gas leases; that prior to procurement of the oil and gas lease in question, the Fitzgerald lease, they had acted together attempting to secure leases from various parties, and that in one instance they obtained an oil and gas lease for which each party contributed $1,000, and that the title in that instance was taken in the name of an association. There is no dispute as to the fact that plaintiff and the deceased were jointly interested in speculating in oil and gas leases, until the execution and delivery of the "Fitzgerald forty," but it is contended by the defendants that the plaintiff and the deceased were not jointly interested in the lease in controversy; that the deceased purchased the said lease on his own account and for his own benefit.

It appears from an examination of the record that the plaintiff and deceased accompanied by the plaintiff's family, about the middle of June, 1920, went from their home and spent the day with Fitzgerald, a brother-in-law of deceased and of the plaintiff, about 25 miles distant, driving the plaintiff's car, and the question relating to the leasing of Fitzgerald's land was discussed; subsequently the plaintiff and the deceased went again to the home of Fitzgerald, where the lease in question was executed and delivered to the deceased for the consideration of $1,000. The deceased on the same date on which he obtained the said lease, sold one-half of the same to one E. L. McCrummen for $950. There is evidence in the record that the plaintiff talked with McCrummen about the sale of one-half of the lease in question before the sale was made to McCrummen.

McCrummen himself testified that the deceased told him either that the plaintiff "wanted in on the lease or that he was going to let him in on the lease. I don't remember which he said. He mentioned Lee Thompson's name in reference to this lease."

A number of witnesses testified, in effect, that the deceased told him prior to the time of the execution and delivery of the lease in question, that he and the plaintiff were going to do some trading, and that on account of the condition of his health, the plaintiff was going to do most of the running around; that he and the plaintiff were mutually interested in all the several leases which he owned, and especially mentioned the lease involved in this case; that he and the plaintiff were partners in the "Fitzgerald lease"; that he sold one-half of the lease to McCrummen, and let the plaintiff have "half of the other." There is nothing to contradict or discredit this testimony.

Mr. Fitzgerald, who sold the lease in question, husband of one of the contesting heirs, testified that the deceased had some three months prior to that said, "I guess I will have to let Thompson (plaintiff) in on that 30 acres", meaning, as we understand it, the Fitzgerald lease.

It is contended by counsel for defendants that no partnership relation existed between the deceased and the plaintiff as to the "Fitzgerald lease", whatever their relations may have been in connection with other oil and gas lease transactions.

The question of the existence of a partnership relation between deceased and plaintiff at the time of the execution of the Fitzgerald lease was the vital issue in the case. It was the important question of fact to be determined by the court.

The court found, after hearing the evidence:

"That the oil and gas lease mentioned in plaintiff's petition, from H. Harrison Fitzgerald to A. S. Kelly, dated July 10th, 1920, was taken in the name of the said A. S. Kelly in trust for the use and benefit of himself and of the plaintiff herein, D. Lee Thompson, in equal parts; that the said A. S. Kelly, conveyed an undivided one-half interest in and to the rights arising under and by virtue of said lease to E. L. McCrummen; that said conveyance is valid and effective as against the plaintiff D. Lee Thompson."

As we view this case it seems clear that the deceased, in his lifetime, and the plaintiff entered into an oral agreement to speculate in the buying and selling of oil and gas leases a joint adventure, an association of persons for business purposes, analogous to a partnership, and that such relationship existed when the "Fitzgerald lease" was taken in the name of deceased, A. S. Kelly.

The law is well established that property purchased or acquired in connection with a joint adventure, or profits realized from a joint adventure, of the joint property of the parties interested, where one party holds title to the same, that such property is held in law to be the property of his associates, and the party holding the same is holding their proportionate share as trustee for them. 23 Cyc. pp. 455-459.

In the case of Dike v. Martin, 85 Okla. 103, 204 Pac. 1106, it is said:

"The relation between parties to a joint adventure is fiduciary in its character, and requires the utmost good faith in all the dealings of the parties with each other.

"A contract of joint adventure is sufficiently supported by a consideration growing out of the mutual promises of the parties."

The testimony discloses that the deceased and the plaintiff jointly entered into an agreement as alleged in the petition and which the trial court has found was entered into by them.

The case it seems to us resolves itself into a pure question of fact, as to whether or not the agreement pleaded in the petition was entered into by the deceased and the plaintiff, and after a careful examination of the evidence we do not feel warranted on this appeal in setting aside or disturbing the judgment of the trial court.

· In an equity proceeding the Supreme Court will weigh the evidence, but the findings and judgment of the trial court will not be disturbed if evidence was produced in that court reasonably tending to support the same, and if such findings and judgment were not against the clear weight of the evidence. Tracy v. Norvell, 81 Okla. 94, 196 Pac. 929.

Where a case is tried by the court without a jury and a general finding is made upon the oral testimony, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon the Supreme Court on appeal as to all doubtful and disputed questions of fact.

In the case of Cassidy v. Saline Coounty Bank, 14 Okla. 532, 78 Pac. 324, this court said:

"Where a partnership is disputed, its existence in a given case is a question of fact to be determined by the court or jury; and where such an issue is submitted to the court, and the evidence reasonably sustains the court's findings, such finding will not be disturbed by the appellate court."

We agree to the proposition that parol testimony to overthrow the legal effect of conveyances must be clear, satisfactory, and convincing. Hayden v. Dannenberg, 42 Okla. 776, 134 Pac. 859; Babcock v. Collison, 73 Oklahoma, 175 Pac. 762; Miller v. Nanny, 91 Okla. 150, 216 Pac. 662.

We think this case comes within the scope of that rule, and that the agreement between the deceased and the plaintiff was made as testified to by the plaintiff and the numerous witnesses in the case.

"There is no arbitrary rule requiring the direct testimony of any particular number of witnesses to the ultimate fact. It is enough that there be a certainty in respect to it, and that certainty may result from an accumulation of direct and indirect evidence. The law is content if from a perusal of the entire record the mind is sure that there was a distinct agreement as claimed," Smithsonian Institution v. Meech, 169 U. S. 398-405.

The second proposition discussed by counsel for defendants is that "the case comes clearly within the statute of frauds, and the court erred in admitting the evidence."

That the validity of a parol agreement between parties to engage in the business of buying and selling lands, and to share in the profits and losses arising from such agreement, is not open to the objection that it violates the statute of frauds, was expressly decided by this court in the case of Thompson v. McKee, 43 Okla. 243, 142 Pac. 755.

The nature of this suit was to terminate the partnership occasioned by the death of one of the parties to the agreement, and to establish the interest of the plaintiff and of the defendants, heirs of A. S. Kelly, deceased. The court below found:

"That all of the rights so retained by the estate of the said A. S. Kelley, under and by virtue of the terms of said contract are held by the said administrator of said estate and the said heirs of A. S. Kelley, in trust for the use and benefit of themselves, to the extent of an undivided one-half interest therein, and for the use and benefit of D. Lee Thompson to the extent of an undivided one-half interest therein."

The administrator was a party defendant, and no claim of indebtedness was made by him or others, and there is nothing in the pleadings or evidence to show any indebtedness of the partnership.

In the case of Chowning v. Graham, 74 Oklahoma, 178 Pac. 676, the court said:

"Real estate belonging to a partnership is considered personalty, but where a suit is instituted the nature of which is to terminate the partnership and establish the interest of the parties, where the partnership is not indebted, the court has power to award each of the partners their respective interest in such real estate, and make them tenants in common, without ordering the real estate sold and the profits divided."

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.