## FERGUSON v. NAGLE et al.

No. 21142. Opinion Filed Oct. 11, 1932.

Harry C. Kirkendall, for plaintiff in error.

Potterf, Gray & Poindexter, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county in favor of, the defendants in error, the plaintiffs in the trial court, against the plaintiff in error, the defendant in the trial court. The parties will be referred to as they appeared in the trial court.

The plaintiffs, in their amended petition, alleged that they were the only heirs of Patrick S. Nagle, deceased; that no administration had been had upon his estate; that during the year 1921, Patrick S. Nagle entered into an agreement with the defendant by which it was agreed that Nagle, through the assistance of his son Paul R. Nagle, would furnish valuable information as to favorable locations for buying oil and gas rights; that the defendant would advance the purchase price of the properties and hold the properties until the parties might find it advisable to sell; that upon sale or

220

other disposition of the property, the defendant should be reimbursed for his expenditures, with interest, and the remaining property or remaining proceeds should be equally divided between Patrick S. Nagle and the defendant; that Paul R. Nagle was educated and skilled as a geologist, and in pursuance to the agreement and in pursuance to his advice, an undivided one-half interest in the mineral rights of certain real estate was purchased; that the defendant paid the consideration of approximately $270; that Patrick S. Nagle executed his note to the defendant for $135, payable on demand and bearing interest; that the defendant executed to Nagle an assignment of one-half interest in the property and agreed to hold the property until such time as the parties were advised to sell; that the property was at all times worth more than the price paid for it; that in 1927 oil was discovered; that the royalties accruing to the defendant had much more than repaid him for his expenditures, with interest, and that the defendant had received in addition thereto the sum of $2,490; that the plaintiffs had made demand for an accounting and for a conveyance of their one-half interest, and that the defendant had refused to account or to convey any interest in the property and had denied the plaintiffs' rights in the same.

In his amended answer the defendant denied the allegations of the plaintiffs' amended petition; the right of the plaintiffs to maintain the action; that he ever entered into a partnership, association, or joint adventure for the purposes alleged; and the making of any contract or agreement with Patrick S. Nagle. He alleged that he had asked Patrick S. Nagle to prepare such a contract, but none was ever prepared; that Patrick S. Nagle had sent him his note for $135, payable on demand, which note the defendant held awaiting the receipt of a contract to be prepared by Patrick S. Nagle; that Nagle did not offer to pay the note and that the same is without consideration and is void. He further denied that any right of accounting would descend to the plaintiffs as heirs, and pleaded the statute of limitations and bar of laches.

The plaintiffs, in their reply, alleged that within four years from the date of filing the action, the defendant had admitted in writing his former agreement and had recognized his obligation and his position as trustee of an undivided one-half interest in the property for the plaintiffs, and that the defendant never denied his capacity as trustee or sought to escape his contract un-

til within less than one year prior to the filing of the action.

The cause was tried to the court and judgment was rendered in favor of the plaintiffs. From that judgment the defendant appealed.

The evidence reasonably supports the allegations of the plaintiffs and the judgment of the trial court.

The defendant contends that no resulting trust was created because neither the plaintiffs nor Patrick S. Nagle paid any part of the consideration or purchase price. While the original agreement was an oral one, when the property was purchased by the defendant that agreement was confirmed by letters of the defendant and by the execution of an assignment of a one-half interest in the property. In a letter to Mrs. Nagle the defendant said, "I gave to Pat an acknowledgment that he was the owner of half of the interest in the 30 acres of oil royalty. Paul knows all about it." In a letter to Patrick S. Nagle he requested Nagle to make out a contract and a note for half of the purchase price and stated that he would sign the contract and hold the same "until such time as you are advised to sell." The record shows that Patrick S. Nagle did not make out a regular contract, but that he made out a mineral grant and two copies of an assignment of a one-half interest in the property to Nagle. Nagle had requested that a copy of the assignment be signed and sent to him. That was done, and, as testified by the defendant, the assignment was attached to the note and held as collateral security with the deed and note.

The record shows that the property was acquired under a joint adventure, the title being placed in the name of the defendant to be held in trust for himself and Patrick S. Nagle, or his heirs. The fact that the title to the property was in the name of the defendant is not a defense. In Cassidy v. Gould, 86 Okla. 217, 208 P. 780, this court held:

"Where property is acquired as a joint venture it is not material in whose name the title is taken, as the one holding the title will be regarded as trustee for his associates; and property paid for out of the receipts of the joint adventure becomes the joint property of all the parties."

The defendant contends that the partnership or joint adventure was dissolved upon the death of Patrick S. Nagle in 1924; that the plaintiffs' cause of action then accrued,

and that the action was barred by the statute of limitations.

If the relation existing between the parties is to be classified as that of a partnership, it could only be a mining partnership. Such a partnership is not dissolved by the death of one of the parties.

In Kennedy v. Beets Oil Co., 105 Okla. 1, 231 P. 508, this court held:

"A member of a mining partnership who advances more than his share of the money to operate or develop oil lands has a lien on his partner's share to the extent of his overadvancement on final accounting.

"The principal distinction between a mining partnership and an ordinary partnership is that in the former the delectus personae, or the right of a partner to say whether a new partner shall be admitted to the partnership, is absent. One of the most important results of this distinction is that a mining partnership, unlike an ordinary partnership, is not dissolved where the interest of a partner passes to another person or persons, as on the death of the partner or the transfer of his interest."

See, also, O. K. Boiler & Welding Co. v. Minnetonka Lbr. Co., 103 Okla. 226, 229 P. 1045.

By the terms of the agreement, neither Patrick S. Nagle nor his heirs were under any obligation to pay to the defendant one-half of the purchase price of the property until the property was sold. The defendant had the mineral grant, the assignment of a one-half interest to Nagle and Nagle's note, and was to "hold same until such time," as he said, "as you are advised to sell." The record does not show that either Patrick S. Nagle or his heirs were advised to sell. Neither does the record show that there was a demand to pay the note given for a one-half interest in the property. The plaintiffs were not in default and no accounting was due them from the defendant until he had been reimbursed from the property for the amount of the purchase price with interest. The first production on the property was in December, 1927, and this action was filed in September, 1928. There was no repudiation of the trust until Paul R. Nagle asked for a conveyance and an accounting of the proceeds from production. Neither could the defendant forfeit the security to himself without notice or demand. In Kirkpatrick v. Baker, 135 Okla. 142, 276 P. 193, this court held:

"If either party to a joint adventure has refused to substantially perform his obligations, his associates cannot terminate their relation with him and carry out the enterprise to his exclusion without giving him notice that the relationship is then and there ended."

We quote from 33 C. J. 850, as follows:

"Where a joint adventure has been entered into for a prescribed term, or until the happening of a certain contingency, the death of an inactive party who owns the land involved in the venture, or of a party whose agreement to contribute services in furtherance of the venture has been partially performed, does not terminate the venture, and the heirs or personal representatives of deceased are entitled to recover the share to which he is entitled. But it would probably be held otherwise where the member who was to contribute services died before anything was done by him, and possibly where the services to be rendered were of a highly personal and technical nature such as could not be performed as acceptably by a substitute."

See, also, Dike v. Martin, 85 Okla. 103, 204 P. 1106.

The evidence shows that the estate of Patrick S. Nagle was greatly in debt, and that Paul R. Nagle had paid the indebtedness to the amount of approximately $11,000. The fact that he failed to pay the note held by the defendant would not alone be sufficient to prove that the plaintiffs intended to abandon the enterprise.

The defendant contends that the court erred in permitting Paul R. Nagle to testify as a witness after the death of his father. The evidence discloses that Paul R. Nagle did not testify concerning any transaction with any deceased person in violation of the rule stated in section 588, C. O. S. 1921 [O. S. 1931, sec. 271], and the trial court committed no error in admitting his testimony.

The judgment of the trial court is neither contrary to the law nor the evidence. It is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1) annotation in 62 A. L. R. 16; 15 R. C. L. 504; R. C. L. Perm. Supp. p. 3943. (3) 18 R. C. L. 1204.