**WERTZBERGER, Ex'x, v. McJUNKIN, Ex'x.**

No. 25222.   April 16, 1935.

Lashley & Rambo and Russell B. James, for plaintiff in error.

F. B. Dillard, for defendant in error.

PER CURIAM. This suit was instituted by the defendant in error, Florence T. McJunkin, as executrix of the estate of John L. Thompson, deceased, plaintiff below, against D. D. Wertzberger, defendant below. From a judgment in favor of the defendant in error, this appeal was taken by D. D. Wertzberger as plaintiff in error. Subsequent to the filing of the appeal in this court, the plaintiff in error died, and the cause has been revived in the name of Leona Jones Wertzberger, as executrix of the estate of D. D. Wertzberger, deceased, and she has been substituted as plaintiff in error. The parties will be referred to as plaintiff and defendant as they appeared in the court below.

The plaintiff by leave of the trial court was permitted to file two separate amendments to her original petition, and said petition together with the amendments so permitted sets up in substance the following causes of action: That John L. Thompson, plaintiff's testator, D. D. Wertzberger, and E. J. McJunkin were the joint owners of two oil and gas leases; that said leases were owned by said parties in the following proportions: John L. Thompson, a one-half undivided interest; E. J. McJunkin and D. D. Wertzberger, a one-fourth undivided interest each. That the leases were operated as a

joint adventure by said parties, and that no other property or business venture was included in such joint venture; that at all times subsequent to the 30th day of January, 1928, the defendant authorized the management, control, and operation of said leases to be carried on by the said John L. Thompson and his duly authorized agent, Florence T. McJunkin, during his lifetime, and that after the death of the said John L. Thompson on the 1st day of May, 1928, such management and operations were carried on by the plaintiff as the executrix of the estate of John L. Thompson, deceased, and as agent of the co-owners and with the full knowledge and consent of the defendant. That in carrying on such operations the plaintiff caused to be drilled certain wells on said leases, purchased material and made contracts for the drilling and operating of the same; that the plaintiff paid all bills resulting from said operations and the defendant ratified the acts of the plaintiff by executing certain division orders, authorizing the running and purchasing of the oil produced from said leases and by accepting payment for his pro rata share of the oil produced, run and sold from said leases. That the expense incurred and paid by the plaintiff in the development of said leases was the total sum of $12,415.87, and that the defendant as the owner of an undivided one-fourth interest in said leases and as one of the joint adventurers, is liable for one-fourth in amount of the expenses incurred in such development and operation; that the defendant has failed and refused to reimburse the plaintiff for his proportion of such expense, and that plaintiff is entitled to recover said sum from the defendant, and plaintiff attaches an itemized statement of account showing the several items comprising said expense of operation and development of said leases, duly verified.

Plaintiff further alleges that at the date on which the account sued for ends, the leases, which we assume means the joint adventure, owed no debts, and that plaintiff had no property or effects in her hands belonging to the defendant and was not indebted to the defendant in any sum. Plaintiff further alleges that if in the judgment of the court the facts alleged required an accounting between the parties, she is entitled to such an accounting.

Plaintiff further alleges that she is entitled to a lien upon the interest of the defendant in said leases for any sum found to be due her from said defendant, and prays a foreclosure of such lien.

After preliminary motions directed to formal matters, the defendant filed a pleading which he entitles a demurrer, and this pleading was heard and determined by the court below and an order entered thereon sustaining the same in part and overruling it as to the remainder. The pertinent part of the order of the court below in this connection reads as follows:

"It is therefore ordered, adjudged, and decreed by the court that the demurrer of the defendant to plaintiff's petition as amended be and the same hereby is sustained as to that portion of the petition as amended, wherein the plaintiff seeks a personal judgment against the defendant."

Thereafter the defendant filed his answer in which he admitted that the ownership of the parties in the leases was correctly set out in plaintiff's petition. He specifically denied that the relationship between the owners of the leasehold was that of "mining partners," and he specifically denied the correctness of the account set out in plaintiff's petition. The defendant's answer also contained a general denial of all other matters contained in said petition and was verified by the defendant.

The issues as thus joined were referred by the trial court to a referee and the referee was directed to hear the evidence on the issues of fact and to make his report thereon, including his findings of fact. Thereafter, the referee, in obedience to the order of the court and after a hearing duly had, returned his report and findings of fact, together with a transcript of the evidence taken before him. Exceptions to this report were duly filed by the defendant. Thereafter, the case was again referred to the same referee to hear additional evidence and his authority was enlarged and he was directed to report his additional findings of fact and also his conclusions of law on the whole case. Thereafter, the referee in obedience to the commands of the court returned his additional and supplemental report with findings of fact and conclusions of law and a transcript of the evidence taken before him, to which report the plaintiff filed her exceptions. The defendant presented his motion to confirm the referee's report and a request that judgment be entered in accordance therewith. Upon a hearing of the exceptions filed by the plaintiff, the trial court again referred the matter to the referee and ordered him to make a supplemental report to the court setting out the amount due from defendant to the plaintiff, if any, by reason of expense of the management

and operation of said leases. Thereafter, the referee filed his supplemental report in compliance with the order of the court, to which the defendant filed his exceptions. The plaintiff thereupon filed a motion for judgment on the several reports of the referee filed in the cause.

Thereafter, the matter came on for hearing before the trial court on the report of the referee, the exceptions thereto filed by the defendant, and the motion of the plaintiff for judgment. The court after consideration of the same overruled the exceptions of the defendant to such reports and entered a judgment in favor of the plaintiff and against the defendant in the sum of $3,103.-96, decreed a lien in favor of plaintiff upon the defendant's one-fourth interest in said leases and the personal property belonging thereto, and directed that the same be foreclosed and said property sold "subject to the approval of the Secretary of the Interior," to satisfy the judgment rendered in favor of the plaintiff and the costs of the suit, and further ordered that any balance over after the satisfaction of said judgment and costs be paid to the defendant, and that if the amount derived from the sale was insufficient to satisfy plaintiff's judgment, together with interest and costs, that execution issue against the defendant for the remainder unpaid. The defendant filed his motion for new trial within due time, the same was by the court overruled, and the defendant prosecutes this appeal.

The defendant sets up eleven separate assignments of error in his petition in error, but reduces them to two propositions which he presents in his briefs. The propositions so presented are: First. If the relation between the parties was that of tenants in common, the action must fail because of the fact that no contract between the parties was there alleged or proved. Second. If the relation between the parties was that of mining partners, plaintiff's action must likewise fail upon grounds which are submitted by the defendant in his briefs.

Since we hold that the relationship between the parties was not that of tenants in common, it will not be necessary to discuss the first proposition.

The court below found that the relationship existing between the parties to this action was that of "a joint adventure or mining partnership." Although there are but few more difficult or uncertain propositions to be met with in the field of law than that of deciding whether or not a given state of facts constitutes a partnership or some other status, still, we believe from an examination of the record in this case that the relationship here existing is clearly one of joint adventurers, and the matter involved a point adventure. And the action clearly appears to be one for contribution brought by one adventurer against a co-adventurer. Dike et al. v. Martin et al., 85 Okla. 103, 204 P. 1106; Florence v. Thompson, 92 Okla. 156, 218 P. 800; O. K. Boiler & Welding Co. et al. v. Minnetonka Lbr. Co. et al., 103 Okla. 226, 229 P. 1045; McKeel v. Mercer et al., 118 Okla. 66, 246 P. 619; Perry v. Morrison, 118 Okla. 212, 247 P. 1004; E. D. Bedwell Coal Co. v. State Industrial Com., 157 Okla. 227, 11 P. (2d) 527; Ferguson v. Nagle, 159 Okla. 219, 15 P. (2d) 1; Smith et al. v. Burt et al., 150 Okla. 34, 300 P. 748; National Union O. & G. Co. v. Richard, 164 Okla. 13, 22 P. (2d) 88.

The defendant urges that this action cannot be maintained by plaintiff unless a dissolution of the relationship existing between them is also sought in the same action, and seeks to apply the rules obtaining in respect to general trading partnerships to the relationship here involved. The relationship of joint adventurers is one of comparatively recent origin and is purely a creature of the American courts. At common law, the relationship was recognized as merely an informal kind of partnership, and the courts made no attempt to distinguish the one from the other. There is gradually building up a body of law in our courts applicable to this relationship, which may or may not apply to the relation of partners. 33 C. J. 841. In the case of Sturm v. Ulrich, 10 F. (2d) 9, Judge Stone, speaking for the Eighth Circuit Court of Appeals, said:

"In working out the legal rights and liabilities arising from novel legal relationships, courts wisely strive to assimilate such to other long established and defined relationships to which the one in question is most similar. But analogy does not mean identity. It implies difference. Also, the attendant use of established terminology only adds to the danger of carrying an analogy too far.

"The relationship between parties engaged in the common ownership and operation of mining property is somewhat sui generis. Where there is merely a common ownership and no joint development, the relation is, ordinarily, a tenancy in common. Where they join their efforts or means or property in the development of mining property they constitute a 'mining partnership.' The use of the term 'partnership' in this connection is by analogy and is not to be taken as

meaning, in all legal respects, the same as an ordinary business or trading partnership."

The defendant has been entrapped by the danger here pointed out and seeks to convert an analogy into an identity. The right of a member of a joint venture to maintain an action at law against his coadventurers is stated in 33 C. J. 866, in the following language:

"A member of a joint adventure, who has been injured by a breach of contract by his associate * * * or by his default in paying his proportionate share of loans and advances made toward the common enterprise by the member may, in a case where the amount of plaintiff's claim is capable of ascertainment and computation by a jury, bring an action at law to redress his grievance. * * * The fiduciary relation existing between members of a joint adventure confers upon courts of equity jurisdiction to hear and determine all controversies arising between them, and this jurisdiction will be exercised even though complainant may have a remedy at law for the redress of his grievance."

The mutual rights and liabilities of parties to a joint adventure is the subject of a note appended to the case of Lynn v. Weber (Nev.) Ann. Cas. 1916A, 1202, and the rule is there stated as follows:

"One party to a joint adventure may sue the other at law for a breach of the contract or a share of the profits or losses or a contribution for advances made in excess of his share. * * *

"If one of the parties to a joint adventure refuses to perform his obligations, his associates can either terminate their relations with him, and themselves carry on the enterprise to his complete exclusion, with an action against him for damages for his breach, or they can hold the defaulter to the obligations of his contract, and sue him for money or property agreed to be contributed to the common fund, or to be supplied for a specified purpose. But they cannot do both of these things. * * *

" 'But, although in an action for obtaining payment of a proportion of an unascertained sum, all the persons interested in that sum must, as a general rule, be parties, yet, where the sum to be divided is ascertained, and the shares into which it is to be divided are also ascertained, an action for the payment of one of those shares may be maintained without making the persons interested in the other shares parties.'

"The right of one party to a joint adventure to sue another at law for a breach of the contract, or for a share of the profits or loss, or for advances, does not preclude a suit in equity for an accounting"

—and the authorities supporting the text are there collected and cited. The rule is stated in similar language in the reported case of Lynn v. Weber, supra, as follows:

"It is also well settled in law that one party to a joint adventure may sue the other at law for the breach of the contract, or share of the profits or losses, or a contribution for advances made in excess of his share; but the remedy at law does not preclude a suit in equity for an accounting. In this state, under our Code of Procedure, the district court in proper cases may administer both legal and equitable relief. (23 Cyc. 453-461; Boqua v. Marshall, 88 Ark. 373, 114 S. W. 714; Reilly v. Freeman, 1 App. Div. 560, 37 N. Y. S. 570; Petrie v. Torrent, 88 Mich. 43, 49 N. W. 1076; Spier v. Hyde, 92 App. Div. 467, 87 N. Y. S. 285; McElroy v. Swope, 47 Fed. 380; Edson v. Gates, 44 Mich. 253, 6 N. W. 645; King v. Barnes, 109 N. Y. 267, 16 N. E. 332; Bradley v. Wolff, 40 Misc. 592, 83 N. Y. S. 13; Marston v. Gould, 69 N. Y. 220; Kirkwood v. Smith, 47 Misc. 301, 95 N. Y. S. 926-929; Jones v. Davis, 48 N. J. Eq. 493, 21 Atl. 1035; Scudder v. Budd, 52 N. J. Eq. 320, 26 Atl. 904; Humburg v. Lotz, 4 Cal. App. 438, 88 P. 510; Flower v. Barnekoff, 20 Ore. 132, 25 P. 370, 11 L. R. A. 149; Corbin v. Holmes, 154 Fed. 593, 83 C. C. A. 367; McMullen v. Hoffman, 75 Fed. 547.)"

In the case of Bielenberg v. Higgins (Mont.) 277 P. 631, a similar contention was made to the appellate court, and the court there said:

"The next contention of defendant is that one partner cannot sue his copartner except by a bill in equity for accounting or dissolution. That this is the general rule can admit of no doubt; but that there are exceptions to the rule is equally certain. One exception is where the partners have agreed upon a settlement among themselves and thus rendered an accounting unnecessary. Riddell v. Ramsey, 31 Mont. 386, 78 P. 597; Boehme v. Fitzgerald, 43 Mont. 226, 115 P. 413. Another is where the partnership is limited to a single venture, or when but a single item remains unadjusted. Malano v. Bressan, 76 Mont. 366, 245 P. 871."

The Supreme Court of the State of Kansas, in Firth v. Thomson, 173 P. 915, L. R. A. 1918F, 1123, in dealing with a like contention, said:

"Here there was but a single adventure; there was no complexity of accounts; no difficulty for a jury to understand and determine the questions involved; the relationship had been terminated; and hence there was no occasion for employing the methods

of investigation peculiar to courts of equity. It has been determined that where a single partnership transaction is involved, an accounting between the parties is not necessary."

In the early case of Traphagen v. Burt, 67 N. Y. 30, involving a similar relationship, the Court of Appeals of the state of New York refused to apply the rule here contended for by the defendant in the following language:

"There is no force in the objection urged that the action should have been for a dissolution of the firm and an accounting, and it was properly brought to compel a conveyance of the undivided interest of the Storms farm to the plaintiff."

The right of one partner to maintain an action at law against a copartner is the subject of an extended annotation to be found in 21 A. L. R. at page 21. The exceptions to the general rule are stated by the annotator in the following language:

"A considerable number of courts have recognized an exception to the general rule that a partner cannot maintain an action at law against another partner based upon partnership transactions, without an accounting, where the facts are such that no complex account involving a variety of partnership transactions is necessary, as, for instance, where the transaction out of which the alleged liability arises is one independent of the partnership, or has been made the subject of an express promise, or relates to a single venture, a segregated item, a single or limited number of unadjusted items, or a breach of a personal covenant, etc., and have held that in such cases an action at law may be maintained, even though a partnership transaction was the basis of the suit."

The annotator states further that the theory of the general rule is based upon "the inconvenience of examining and adjusting complicated accounts, frequently of long standing and between parties reposing confidence in each other." This theory would seem to have no application to joint adventures from the standpoint of complicated accounts of long standing. Joint adventurers have no delectus personae, and, although the parties are charged by law with the strictest fidelity one to the other, still the relationship is not entered into nor maintained because of any peculiar confidence reposed by the parties in each other, so that the remaining basis for the rule is equally without application to joint adventurers.

Actions for contribution by one adventurer against a coadventurer have been sustained by this court in the following cases: Black et ux. v. Wickett, 127 Okla. 53, 259 P. 642; Carson v. Exchange Trust Co., 127 Okla. 55, 259 P. 857; Kennedy v. Beets Oil Co., 105 Okla. 1, 231 P. 508; Barrett v. Buchanan 96 Okla. 262, 213 P. 734; Ferguson v. Nagle, 159 Okla. 219, 15 P. (2d) 1.

The defendant further contends that repayment to the plaintiff for advances made by her should first come out of the joint property; that her lien for such advances attaches to such joint property and the same should be sold and the proceeds divided before any personal judgment is rendered against one of the coadventurers. The court below decreed a lien to exist in favor of the plaintiff upon the defendant's one-fourth interest in the leasehold estates and upon the personal property belonging to said leases, ordered the same foreclosed, the defendant's interest sold to satisfy the judgment and costs, and provided further that any balance over be paid to the defendant, and in the event the amount derived from the sale was insufficient to satisfy the judgment with interest and costs that execution issue against the defendant for the remainder unpaid. A member of a mining partnership or joint adventure, who has advanced more than his share of the money required to operate or develop the same, has a lien on his coadventurer's share to the extent of such overadvancement. Ferguson v. Nagle, supra; Kennedy v. Beets Oil Co., supra; Barrett v. Buchanan, supra; Sturm v. Ulrich, supra, and such lienor is entitled to a personal judgment in contribution against his coadventurer. Kennedy v. Beets Oil Co., supra.

We have examined defendant's second proposition and the several subheads under which he discusses the same, and in our judgment there is no merit in his contentions. The most favorable authority which he submits is the case of Childers v. Neely (W. Va.) 49 L. R. A. 468, in which that court applies the general rule pertaining to trading partnerships to members of a mining partnership. We think the weight of authority and the trend of modern decisions are contrary to that opinion. The same court in the later case of Kaufman v. Catzen, L. R. A. 1918B, 672, indicates a departure from the position announced in the former case, and adopts the rule announced in Lynn v. Weber, supra, so that the weight of the former case as authority is to that extent impaired. We find no error in the judgment of the court below, and the same is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. W. Trice, G. M. Barrett,

and R. H. Stanley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Trice and approved by Mr. Barrett and Mr. Stanley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.