**KASISHKE et al. v. KEPPLER.**

No. 3370.

Circuit Court of Appeals, Tenth Circuit.
Jan. 7, 1947.

Rehearing Denied Feb. 10, 1947.

Robert M. Rainey, of Oklahoma City, Okl., and Frank T. McCoy, of Pawhuska, Okl. (Streeter B. Flynn, of Oklahoma City, Okl., and John T. Craig and John R. Pearson, both of Pawhuska, Okl., on the brief), for appellants.

M. A. Breckinridge, of Tulsa, Okl. (Byron V. Boone, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

L. G. Keppler instituted this action against A. H. Kasishke and his alter ego, the Coralena Oil Company, in the United States District Court for the Northern District of Oklahoma to recover a ⅟₁₆th interest in certain oil properties and for an accounting. Kasishke and the Oil Com-

pany have appealed from a judgment in favor of Keppler.

The trial court found that in March of 1934 Kasishke entered into an oral contract with Keppler whereby Keppler was to use his skill and talents as a geologist in locating and recommending potential oil and gas properties to Kasishke for his approval; that upon approval thereof, Kasishke was to undertake the acquisition and development of such properties at his own expense and that such expense should be repaid to him out of the development. For his services Keppler was to receive $300 a month and a 1/16th interest in the properties acquired after Kasishke had been reimbursed. The trial court also found that Keppler was an experienced, qualified geologist and at the time of the contract was capable of earning much more than the stipulated salary; that after the execution of the contract, Keppler devoted himself entirely to his duties under the contract; that in 1935, under the terms of the contract, Keppler recommended the Foster block of leases, and that this recommendation was approved by Kasishke and that such leases were developed by Kasishke, and that the parties agreed that the Foster block was to be treated as one transaction. The court further found that two other leases, the Holland lease and the Sellens lease, were recommended by Keppler and were accepted by Kasishke and developed, and that they were to be treated as one transaction, separate and distinct from the Foster block.

The court further found that the first two wells on the Foster block were nonproducers, and that while the third well was being drilled, the outlook not looking promising, Kasishke suggested that Keppler prepare a false map in order to aid in the sale of the leases, and that Keppler became offended at such a suggestion and the next day terminated their relationship.

The trial court concluded as a matter of law that the contract created a joint adventure and that a constructive trust arose when Kasishke took the leases in his own name and when he violated his duty as a fiduciary.

■ These findings are challenged on the ground that they are not supported by the requisite proof, and on the further ground that the court erred as a matter of law in requiring Keppler to establish the contract only by a mere preponderance of proof rather than by clear, definite and convincing evidence, as required by Oklahoma law. Oklahoma does require that such a contract be established by clear, definite, unequivocal and satisfactory evidence.[1] The record, however, is clear that the court applied the Oklahoma rule in the trial of this case.[2]

■ It is further urged that Keppler's proof falls far short of meeting this test, and that the evidence is insufficient to support the court's findings. There was an irreconcilable conflict in the evidence offered by Kasishke and Keppler on the question of the contract. The court was under the necessity of resolving this conflict. It chose to believe the testimony offered by Keppler, and our inquiry is limited to ascertaining whether the court's finding is supported by clear and convincing proof. In addition to the testimony of Keppler himself, the testimony of the witnesses B. A. Baker, George L. Streeby and Dave Moore all support these findings. No useful purpose would be served by encumbering the record with a detailed recital of this evidence. It is sufficient to say that in our opinion it adequately sustains the findings of the trial court.

■ It is next urged that in any event the contract does not create a joint adventure under the laws of Oklahoma because there was no joint management or agreement to share losses. This identical contention was before us in another case between appellant and one B. A. Baker on a state of facts indistinguishable from those in this case. (See Kasishke v. Baker, 146

[1] Parsons v. Crawford, 193 Okl. 537, 145 P.2d 932; Lindsay v. Britt, 138 Okl. 163, 280 P. 609.

[2] Conclusion of Law B is as follows: "In order to establish a constructive trust in any properties within the alleged joint adventure, the contract, and that the property is within the operation, must be established by clear and decisive evidence."

F.2d 113). We there discussed in detail the relationship of a joint adventure and our reasons for concluding that the facts in that case created such a relationship. There being no substantial difference in the facts between this case and the Baker case, our decision in that case on this question is controlling and conclusive here, and again no useful purpose would be served by again discussing the elements of such a relationship in detail.

Every point raised in this case, save one, was actively urged in the Baker case, supra, and was decided by us contrary to appellant's contentions here. Counsel for Kasishke argue that Keppler pleaded an oral express trust unenforceable under the statute of frauds, and that where there is an express trust a constructive trust cannot arise by operation of law, and that the court erred in refusing to confine Keppler upon the trial to this issue as made by the pleadings. The contention that Keppler pleaded an express trust is not well founded. True, there is language in the complaint which, taken alone, might support such a contention. The true construction of an instrument, however, cannot be ascertained by lifting a single phrase, sentence or even paragraph out of its natural setting and considering it alone. The instrument must be considered and construed as a whole, and only in that way can its true intent and import be ascertained. The complaint pleads a joint adventure. Such a contract need not be in writing under the statute of frauds.[3] Furthermore, the allegation in the complaint that it was "tacitly agreed that any properties acquired through plaintiff's recommendation not only would be taken in the name of A. H. Kasishke, Inc., but would be developed, * * *" negatives the existence of an express trust.[4] Viewed in its entirety, the complaint did not plead an express agreement

or that the leases should be taken in Kasishke's name and held by him in trust for the joint adventurers. When he took the leases in his own name, a trust arose in equity for the benefit of the interested parties.[5]

It follows that the statute of frauds requiring that contracts creating an express trust must be in writing has no application. Keppler did not sue to enforce a trust, but to compel an accounting from his co-adventurer. Under the. facts as established and found by the trial court, equity will treat the leases as the property of the joint adventurers, and he was entitled to an accounting.

Affirmed.

---

[3] Nix v. Green, 95 Okl. 247, 219 P. 380; Florence v. Thompson, 92 Okl. 156, 218 P. 800; Abraham v. Slyman, 90 Okl. 31, 215 P. 931; Thompson v. McKee, 43 Okl. 243, 142 P. 755, L.R.A.1915A, 521.

[4] Webster's Dictionary defines "tacit" as "Unspoken; * * * Implied or indicated, but not actually expressed;" or, as "Arising without express contract or agreement; arising by operation of law." To the same effect, see also 41 Words and Phrases, Perm.Ed. p. 6.

[5] 40 Am.Jur., Partnership, Sec. 96; Seymour v. Freer, 75 U.S. 202, 8 Wall. 202, 19 L.Ed. 306; Savings & Loan Corp. v. Bear, 155 Va. 312, 154 S.E. 587, 75 A.L.R. 980.