**In re MAHAN & ROWSEY, INC., Debtor.**

**Bankruptcy No. BK–82–01390–B.**

United States Bankruptcy Court, W.D. Oklahoma.

March 5, 1984.

Paul Tobin of Cohen & Pleuss, Oklahoma City, Okl., for Mahan and Rowsey, Inc.

James M. Gaitis and Warren H. Smith of Emery, McCandless, Gaitis, Bruehl, Oklahoma City, Okl., for South OK Petroleum, Inc.

## MEMORANDUM DECISION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter came on for hearing on application to obtain overriding royalty interests. After hearing testimony, the Court requested that the parties brief the issue. The parties complied and after a review of the testimony, evidence and briefs, the Court finds as follows.

GEC Production Company, Inc. (hereinafter "GEC") entered into an oral contract with Mahan & Rowsey, Inc. (hereinafter "M & R") whereby GEC was to locate and recommend oil and gas prospects to M & R in return for which GEC was to receive a finder's fee. For each lease which M & R

acquired in the prospect area, M & R was to assign to GEC a certain overriding royalty interest.

Sometime in December of 1982, GEC sold all of its assets to South OK Petroleum, Inc. (hereinafter "South OK"). South OK, as successor in interest, now seeks to compel M & R to deliver to South OK the assignments in question.

At the hearing testimony was taken from Dawson Lassiter and Frank Lillard. Mr. Lillard is the president of South OK. His testimony was that South OK has received written assignments on only four of the nine wells on which it claims overrides; however, it has been receiving its monthly run payments of its override on seven of the nine wells. (the other two wells apparently are not producing). Mr. Lillard further testified that it was custom and practice within the industry to enter into oral agreements the type of which are presently at issue.

Dawson Lassiter, a GEC geologist, testified that, acting on behalf of GEC, he entered into the above mentioned oral contracts with Bill Rowsey, who was acting on behalf of M & R. By the terms of the contract, Mr. Lassiter was to provide M & R oil and gas prospects known as the Mussel Shoals prospect and the Criner prospect in return for which M & R would pay GEC a $2500.00 prospect fee, per prospect and assign to GEC a 3.125% of eight eighths overriding royalty interest in each lease that M & R acquired in the prospect areas. M & R subsequently drilled nine wells in the prospect areas.

Mr. Lassiter further testified that M & R paid to GEC the $5,000.00 prospect fees that were due under the contract and that M & R has executed assignments on four of the wells on which South OK claims assignments, the Tanaka Nos. 1 and 2 wells, the McLaughlin No. 1 well and the Patten No. 1 well. The overrides which South OK seeks are on the Tubbs No. 1 well, the Rushing No. 1 well and the B.F. Nos. 1, 2 and 3 wells. Letter agreements covering these respective overrides were submitted into evidence. However, they were not executed by M & R.

The issue presented is a narrow one: whether these overriding royalty interests are held by M & R in constructive trust for South OK.

■ This court has only recently discussed the question of imposition of a constructive trust. *In re Mahan & Rowsey, Inc.,* 35 B.R. 898, 11 B.C.D. (CRR) 319 (Bkrtcy.W.D.Okl.1983). We noted therein that in attempting to establish the existence of a constructive trust the evidence addressed must be clear, unequivocal and decisive beyond a reasonable doubt.

■ M & R argues that, pursuant to 11 U.S.C. § 544, any right which South OK may have had to these overrides was subordinated to the rights of M & R as trustee/debtor in possession upon the filing of bankruptcy. Section 544 speaks of "property of the estate". Property which is held in trust is not "property of the estate". *See generally* 4 L. King, *Collier on Bankruptcy,* § 541.13 (15th ed. 1983).

The question of whether the facts present are sufficient for this court to impose a constructive trust was addressed by the Tenth Circuit in *Kasishke v. Keppler,* 158 F.2d 809 (10th Cir.1947), wherein the ruling of the District Court for the Northern District of Oklahoma was affirmed. As the *Keppler* facts are strikingly similar to those at bar, they bear repeating.

Kasishke had entered into an oral contract with Keppler whereby Keppler was to recommend potential oil and gas properties to Kasishke for his approval; upon approval, Kasishke was to undertake the acquisition and development of such properties. For his services, Keppler was to receive $300 a month and a one sixteenth interest in the properties. The district court found that Keppler devoted himself entirely to his duties under the contract and concluded that as a matter of law the contract created a joint adventure and that a constructive trust arose when Kasishke took the leases in his own name and when he violated his duty as fiduciary. In *In re Mahan & Rowsey, supra,* we noted that a joint adventurer occupies a fiduciary position with respect to other participating members.

■ We are of the opinion that the existence of an oral contract between M & R and GEC has been established by clear and definite evidence. There is no dispute that the prospect fees were paid and certain of the overrides assigned to GEC. While we may question the wisdom of entering into such an agreement without reducing the same to writing, we do not doubt that such occurred. The question becomes whether this contract is sufficiently similar to the one in *Keppler* that we should find a constructive trust present.

The defendant in *Keppler* had argued that the contract in that case did not create a joint adventure under the laws of Oklahoma because there was no joint management or agreement to share losses. These requirements were also noted in *In re Mahan & Rowsey, supra.* In response to this argument the Tenth Circuit cited their opinion in *Kasishke v. Baker,* 146 F.2d 113 (10th Cir.1944), wherein the court held that in determining whether one shares in losses so as to satisfy the requisites for the existence of a joint adventure, "[t]he fact that one works for a nominal salary, thus losing a part of the value of his services, will be taken into account." 146 F.2d at 115 (footnotes omitted).

Both the *Keppler* case and the *Baker* case involved plaintiffs who devoted themselves *entirely* to their duties under their respective contracts, both at *nominal* salaries. The presence of these facts therefore militated toward the finding that a joint adventure existed. In *McLaughlin v. Laffoon Oil Company,* 446 P.2d 603 (Okl.1968), the Supreme Court of Oklahoma, citing *Kasishke v. Keppler, supra* and *Kasishke v. Baker, supra,* held that an oral contract such as the one at bar created a joint adventure, albeit without specifically finding neither that the plaintiff in *McLaughlin* devoted himself entirely to his duties under the oral contract nor did he perform his duties at a nominal salary. The court further held that such a contract does not come within the Statute of Frauds and therefore need not be in writing.

In the case at bar GEC's geologist did not devote his entire energies to the various projects. At best his work could be viewed as piece-meal. Nevertheless, we can not say that the services rendered were nominal in nature. Nor can we say that the geologist has not lost a part of the value of his services. The wells on which South OK are now seeking to obtain assignments of overriding royalty interests are, in the main, producing wells. Had Mr. Lassiter entered into the agreement with another entity, as opposed to M & R, South OK would now be in possession of these assignments. The loss sustained is no less in nature. M & R and GEC were therefore joint adventurers with a constructive trust to be imposed on the overriding royalty interests. South OK, as successor in interest to GEC, is entitled to assignment of these interests.

Accordingly, the request of South OK for delivery of assignments of overriding royalty interests from M & R shall be and hereby, granted. South OK has further requested an accounting on those wells for which it has already received assignments, as well as on those wells not yet assigned. This request is also granted.

An appropriate judgment will be entered.

Pursuant to B.R. 7052, this memorandum constitutes the findings of fact and conclusions of law.